# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON,

Plaintiff,

v.

DOMINGUEZ, *et al.*,

Defendants.

Case No.  1:25-cv-00889-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(ECF Nos. 1, 11)

**FOURTEEN (14) DAY DEADLINE**

### I.    Background

Plaintiff Michael Bruce Anthony McPherson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 10, 2026, the Court screened the complaint and found that Plaintiff stated a cognizable claim against Defendant John Doe #1 for violation of the Eighth Amendment for the incident on January 13, 2025, but failed to state a cognizable claim against any other defendant. (ECF No. 10.)  The Court ordered Plaintiff to either filed an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On February 23, 2026, Plaintiff notified the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (ECF No. 11.)

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) John Doe #1, Correctional Officer, CSATF; (2) J. Dominguez, Correctional Officer, CSATF, Building 5; and (3) B. Lyons, Correctional Officer, CSATF, Building 5.

Plaintiff asserts a claim for sexual misconduct.  He alleges that on January 13, 2025, at CSATF Facility C, in Building 5, by the T.V. and to the left of the camera during 9:00 A.M. yard release, Plaintiff started to get searched.  Immediately, the unknown correctional officer "with

'both hands slaps [Plaintiff's] ass' then in a "predatory kind of way" with "both hands again gropes then rubbs [sic] across [Plaintiff's] ass immorally.'" (ECF No. 1 at 3.) Plaintiff immediately turned around and confronted him. Plaintiff's mind was not thinking right, so he walked away fast before he lost his mind by doing something he would regret and before the officer could speak. Plaintiff went to talk to Defendants Dominguez and Lyons, who would not give the officer's name or report the sexual assault. Plaintiff called the Office of the Inspector General and explained exactly what happened and what Defendants Dominguez and Lyons failed to do.

Plaintiff further alleges that this is the ninth time he has been sexually assaulted in CDCR. Two have been granted and the other seven are still pending investigations in the Office of Internal Affairs.  As relief, Plaintiff seeks compensatory and exemplary damages.

**B.     Discussion**

**1.  Eighth Amendment**

**a.  Sexual Assault**

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Liberally construing the allegations, Plaintiff states a cognizable claim against John Doe #1 for the incident on January 13, 2025.

3

### b.  Failure to Protect/Intervene

It is not clear if Plaintiff is attempting to allege that any defendant failed to intervene in the alleged sexual assault or sexual misconduct.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

The Court finds that Plaintiff's complaint does not state a cognizable claim for failure to protect against Defendants Dominguez and Lyons.  There is no indication in the complaint that Defendant Dominguez or Defendant Lyons were aware that Plaintiff was at risk of serious harm at the hands of Defendant John Doe #1 or that Defendants Dominguez and Lyons witnessed the incident on January 13, 2025.  Moreover, failing to report an incident that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety. *See*, *e.g.*, *Bullard v. St. Andra*, No. 1:17-cv-0328-MJS (PC), 2017 WL 1398834, at *3 (E.D. Cal. Apr. 19, 2017) ("Failure to report the incident does not violate the Eighth Amendment absent facts showing that by failing to report the incident, defendants knowingly disregarded an excessive risk to Plaintiff's health or safety."); *Harbor v. Cherniss*, No. 2:15-cv-0705 AC P, 2016 WL 1587240, at *3 (E.D. Cal. Apr. 20, 2016) (same).

"[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  At the pleading stage, Plaintiff's complaint fails to state a cognizable claim for failure to intervene in violation of the Eighth Amendment against any defendant.  As noted above, Plaintiff alleges he went to talk to Defendants Dominguez and Lyons, but they would not give him the name of Defendant John Doe #1 or report the sexual assault.  Plaintiff's complaint fails to include factual allegations demonstrating that Defendants Dominquez and Lyons knew of the alleged sexual assault and

4

failed to intervene.

### 2. State Law Claims

To the extent Plaintiff is attempting to bring any claim against defendants under state law, Plaintiff has failed to allege compliance with the claim presentation requirements of the Government Claims Act. California's Government Claims Act[1] requires that a claim against the State or its employees[2] "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not alleged compliance with the claim presentation requirements of the Government Claims Act.

### 3. Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe (i.e., an unknown defendant) cannot be served by the United States Marshal until Plaintiff has identified him or her as an actual individual. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown [Doe] defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

identity of the Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to substitute a name for John Doe #1 so that service by the United States Marshal can be attempted.

**III.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant John Doe #1 for violation of the Eighth Amendment for the incident on January 13, 2025. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed July 22, 2025, (ECF No. 1), against Defendant John Doe #1 for violation of the Eighth Amendment for the incident on January 13, 2025; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 3, 2026**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE

6