# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON, | Case No.  1:25-cv-00889-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE THE IDENTITY OF DEFENDANT JOHN DOE #1 IN THE COMPLAINT |
| v. | |
| DOMINGUEZ, *et al.*, | (ECF No. 16) |
| Defendants. | ORDER GRANTING EXTENSION OF TIME TO IDENTIFY DEFENDANT JOHN DOE #1 FOR SERVICE OF PROCESS |
| | **SIXTY (60) DAY DEADLINE** |

**I.      Background**

Plaintiff Michael Bruce Anthony McPherson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendant John Doe #1 for violation of the Eighth Amendment for the incident on January 13, 2025.  (ECF No. 14.)

On March 24, 2026, the Court directed Plaintiff to file a motion to substitute the identity of Defendant John Doe #1 that provides the Court with enough information to locate him for service of process.  (ECF No. 15.)

On April 6, 2026, Plaintiff filed a motion to substitute the identity of Defendant John Doe #1.  (ECF No. 16.)  Plaintiff states that as "John Doe #1 is a 'correctional officer' under the jurisdiction of CDCR, and the 'body cam' and 'building cam' has his 'Hispanic identity,' the California Department of Corrections and Rehabilitation; legally is responsible for John Doe #1

1

and substituted as such; the new defendant." (*Id.*)  Plaintiff further asserts that service shall be on the attorney general.  (*Id.*)

## II.     Motion for Substitution

Plaintiff's motion for substitution will be denied without prejudice.  To the extent Plaintiff seeks to substitute CDCR as the defendant in this action, which seeks monetary damages, he may not do so.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ."  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."  *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ."  *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

## III.     Identification of Doe Defendant

As to the identification of Defendant John Doe #1, Plaintiff has referenced specific video footage that he believes contains the necessary information.  However, Plaintiff has not stated whether he has made any efforts to review this footage without the Court's assistance.  Plaintiff also has not indicated whether he has used the resources available to him without Court intervention, including, but not limited to, information from incident reports, rules violation reports, or other documents, which may be available upon request from prison officials.  Plaintiff is reminded that it is his responsibility to provide the Court with information to identify John Doe

#1 for service of process.

However, the Court finds it appropriate to grant Plaintiff an extension of time to identify Defendant John Doe #1. If Plaintiff is unable to obtain identifying information for John Doe #1 by the extended deadline, Plaintiff may file a motion for extension of time that sets forth good cause for the request, including what efforts he has taken to identify this defendant. For example, Plaintiff may include what specific information he has requested, who he has requested the information from, and what responses, if any, he has received. If Plaintiff does not show good cause for a further extension of time or does not provide any information regarding what steps he has taken to identify John Doe #1, then the Court will dismiss the unidentified defendant from this action. As John Doe #1 is the only defendant named in this action, then the action will also be dismissed without prejudice.

**IV.     Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute the identity of Defendant John Doe #1, (ECF No. 16), is DENIED without prejudice;

2. Within **sixty (60) days** from the date of service of this order, Plaintiff SHALL file a motion to substitute the identity of Defendant John Doe #1 that provides the Court with enough information to locate this defendant for service of process; and

3. **If Plaintiff fails to comply with this order, then the Court will dismiss any unidentified defendant(s) from this action, and dismiss this action without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **April 8, 2026**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

3