# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON, | Case No.  1:25-cv-00889-JLT-BAM (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM |
| v. | (ECF No. 20) |
| DOMINGUEZ, *et al.*, | |
| Defendants. | |

**I.      Background**

Plaintiff Michael Bruce Anthony McPherson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 23, 2026, the Court ordered that this action proceed on Plaintiff's complaint against Defendant John Doe #1 for violation of the Eighth Amendment for the incident on January 13, 2025.  (ECF No. 14.)  The Court did not find service appropriate for Defendant John Doe #1 because the U.S. Marshal could not serve a Doe Defendant.  Accordingly, on March 24, 2026, the Court directed Plaintiff to file a motion to substitute the identity of Defendant John Doe #1 that provided the Court with enough information to locate him for service of process.  (ECF No. 15.)

On April 6, 2026, Plaintiff filed a motion to substitute the identity of Defendant John Doe #1.  (ECF No. 16.)  The Court denied the motion for substitution without prejudice on April 8,

1

2026, and granted Plaintiff an extension of time to identify Defendant John Doe #1. (ECF No. 17.)

On May 1, 2026, Plaintiff filed a notice of the identification of Defendant John Doe #1. (ECF No. 18.) Plaintiff indicated that Defendant John Doe #1 is a correctional guard named Officer L. Castrejon, who is a California Department of Corrections and Rehabilitation employee. (*Id.*) The Court construed the notification as a motion to substitute the name of Officer L. Castrejon and granted Plaintiff's motion to substitute on May 6, 2026. (ECF No. 19.) The Court directed Plaintiff to file a first amended complaint substituting the name of Officer L. Castrejon for any reference to Defendant John Doe #1 in the original complaint. The Court also directed Plaintiff not to change any other allegations in the complaint besides the name of Officer L. Castrejon. The Court indicated that once it received a first amended complaint that substituted Officer L. Castrejon, then the Court would order service of the amended complaint. (*Id.*)

Plaintiff filed a first amended complaint on May 20, 2026. (ECF No. 20.) The first amended complaint contains minor modifications of the allegations in the original complaint. In an abundance of caution, the Court therefore will screen the first amended complaint.

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

2

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") where the events in the complaint are alleged to have occurred.  Plaintiff names Correctional Officer L. Castrejon as the sole defendant.

Plaintiff asserts a claim for sexual misconduct.  Plaintiff alleges:  On 01-15-2025 at the Substance Abuse Treatment Facility/Corcoran Prison, Facility C, Building 5, right by the T.V. and to the left of the camera.  During 09:00 AM yard release, Plaintiff go started to get searched. Immediately C/O L. Castrejon with both hands offensively slaps my buttocks.  C/O L. Castrejon, again; with both hand gropes while rubbing offensively across my buttocks.  Plaintiff immediately turned around and confronted C/O L. Castrejon.  Before C/O L. Castrejon could speak, Plaintiff strolled off fast so that he would not do anything he would regret.  Plaintiff then called PREA # Office of the Inspector General.  (ECF No. 20 at 3.)  As relief, Plaintiff seeks $702,207.25.

### IV.    Discussion

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison

staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant L. Castrejon.

**V.     Conclusion and Order**

Based on the above, the Court finds that Plaintiff states a cognizable claim against Defendant L. Castrejon for violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed on May 20, 2026, against Defendant L. Castrejon for violation of the Eighth Amendment; and

2. A separate order will issue regarding service of the first amended complaint.

IT IS SO ORDERED.

Dated:   **May 27, 2026**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE